# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2023

Lyle W. Cayce
Clerk

————————

No. 22-30295

————————

In re the Complaint of Plimsoll Marine, Incorporated, *Owner of the M/V OKALOOSA*, for Exoneration from or Limitation of Liability

Plimsoll Marine, Incorporated, *Owner of the M/V OKALOOSA*, for Exoneration from or Limitation of Liability,

> *Petitioner/Third Party Plaintiff—Appellee*,

*versus*

Empire Stevedoring, Incorporated;
Board of Commissioners of the Port of New Orleans,

> *Third Party Defendants—Appellees*,

*versus*

City of Gretna,

> *Claimant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-14757

_____

No. 22-30295

Before Higginbotham, Smith, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Plimsoll Marine, Inc., the owner of the vessel M/V OKALOOSA, brought an action seeking exoneration from or limitation of its liability for an allision that occurred on the Mississippi River in 2019.  The incident occurred off the First Street Wharf, owned by the Board of Commissions of the Port of New Orleans but leased to and operated by Empire Stevedoring, Inc.

On the night of June 30, 2019, the OKALOOSA was picking up two loaded barges from the Wharf when a line placed on one of the Wharf's bollards caught in one of the OKALOOSA's propellers and stalled the engine. The provenance of the line was uncertain.  Because the OKALOOSA lost steerage, its captain ordered its crew to evacuate the vessel; the captain also ultimately abandoned ship.  The OKALOOSA then drifted across the Mississippi and allided with water dolphins owned by the City of Gretna.

Gretna filed a claim in Plimsoll's action for damages to the dolphins. Plimsoll impleaded Empire and the Board of Commissioners, alleging—if Plimsoll was found liable to Gretna—negligence under general maritime law and that either or both of the impleaded parties were liable for any damage done to Gretna's dolphins.  Plimsoll also sought compensation from Empire and the Board of Commissioners for any damage done to the vessel.

The district court conducted a three-day bench trial, after which it dismissed both Gretna's claim in limitation against Plimsoll and Plimsoll's third-party claims against Empire and the Board of Commissioners.  The court found that the line that fouled the OKALOOSA's propeller belonged to an unidentified third party rather than Empire, the Board of Commissioners, or Plimsoll.  The court also found that Empire had exercised reason-

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30295

able (and therefore sufficient) diligence in maintaining the Wharf as a safe berth for vessels.

Accordingly, the court found that neither Empire nor the Board of Commissioners acted negligently toward Plimsoll. It further found that Plimsoll did not negligently cause the allision: The fouling of the OKALOOSA's propeller was not on account of any negligence by the captain, and the captain acted reasonably when the fouled propeller created an emergency situation.

On appeal, Gretna contends that the district court erred by deciding that Empire and the Board of Commissioners discharged their duty as wharfingers to provide a safe berth. Gretna also claims that the court held Plimsoll to the wrong legal standard of care and incorrectly concluded that the OKALOOSA's captain was not negligent in operating the vessel.

We have reviewed the briefs, the applicable law, and pertinent parts of the record and have heard oral argument. The judgment is AFFIRMED, essentially for the reasons stated in the district court's comprehensive findings of fact and conclusions of law following the bench trial.